**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| JEFFREY R. GREEN, ) | |
| Plaintiff, ) | 3:11-cv-00210 JWS |
| vs. ) | ORDER AND OPINION |
| ALLSTATE INSURANCE COMPANY, ) | [Re: Motions at dockets 25 & 34] |
| Defendant. ) | |

## I.  MOTION PRESENTED

At docket 25, plaintiff Jeffrey R. Green ("Green" or "plaintiff") moves pursuant to
Federal Rule of Civil Procedure 56 for summary judgment.  Defendant Allstate
Insurance Company ("defendant" or "Allstate") opposes the motion at docket 36.
Plaintiff's reply is at docket 50.

At docket 34, Allstate cross-moves for summary judgment.  Green opposes the
motion at docket 49.  Allstate's reply is at docket 51.

Oral argument was not requested with respect to either motion and would not
assist the court.

## II. BACKGROUND

Green is the owner of a triplex residence at 411 E 46th Place in Anchorage. The house was encumbered by a deed of trust payable to Wells Fargo Bank ("Wells Fargo"). Green had a homeowner's insurance policy with Allstate. In October 2010, a fire damaged the house. The Anchorage Fire Department concluded that the fire started in a bedroom closet, but could not determine its origin.

Allstate denied Green's claim and cited exclusions for loss of property due to "[i]ntentional or criminal acts of or at the direction of the insured person."[1] Allstate "conclude[d] that the fire loss was not accidental but intentional."[2] Allstate also determined that Green had "both opportunity and motive" to burn his house. Allstate's conclusions were based on a report from fire investigator John Shouman ("Shouman"), inconsistencies in Green's statements, and evidence of Green's financial difficulties. Shouman's report stated that "[b]ased on physical evidence and witness reports, and with the elimination of all natural causes . . . [the] fire . . . was incendiary in nature."[3]

Green maintains that the night of the fire, he left his home at around 11:30 p.m. when his girlfriend, Christa Finley ("Finley"), returned from the gym heavily intoxicated. Green maintains that he went to his friend, Kevin Young's ("Young") house and was there for approximately twenty minutes when he received a call from a neighbor informing him that his house was on fire. Finley stated in an affidavit that after Green left, she decided to burn strands of fabric hanging from clothes in a closet, that the clothes caught on fire, and that she was unable to put the fire out. Finley called the fire department from a Home Depot store across the street from the house, and she was located there by Anchorage police.[4]

---

[1]Doc. 26-2 at 1.

[2]*Id.* at 2.

[3]Doc. 34-23 at 4.

[4]Doc. 26-1 at 3.

1    After Allstate denied Green's claim, on August 19, 2011, Green filed suit in state

2  court asserting claims for breach of contract and breach of the implied covenant of good

3  faith and fair dealing.  The case was removed to federal court on October 19, 2011.

## III.  STANDARD OF REVIEW

5    Summary judgment is appropriate where "there is no genuine dispute as to any

6  material fact and the movant is entitled to judgment as a matter of law."[5]  The materiality

7  requirement ensures that "only disputes over facts that might affect the outcome of the

8  suit under the governing law will properly preclude the entry of summary judgment."[6]

9  Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable

10  jury could return a verdict for the nonmoving party."[7]  In resolving a motion for summary

11  judgment, a court must view the evidence in the light most favorable to the non-moving

12  party.[8]  The reviewing court may not weigh evidence or assess the credibility of

13  witnesses.[9]  The burden of persuasion is on the moving party.[10]

## IV.  DISCUSSION

15  **A.  Motion at Docket 25**

16    **1. Disputed Issues of Material Fact Preclude Summary Judgment**

17    Plaintiff argues that there is no evidence that the fire was caused by arson and

18  therefore summary judgment is appropriate on his breach-of-contract claim.  Plaintiff

19  cites Georgia law for the proposition that, in order to deny coverage under a fire

20  insurance policy based on arson, an insurance company must show 1) arson by

21  someone; 2) motive; and 3) unexplained surrounding circumstantial evidence

---

[5]Fed. R. Civ. P. 56(a).

[6]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[7]*Id.*

[8]*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[9]*Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[10]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

1 implicating the suspect.[11]  Plaintiff maintains that defendant has no evidence that the fire

2 was *intentionally* set by someone.[12]  The problem with plaintiff's argument is that intent

3 may be inferred.[13]

4    The defendant has produced evidence that samples taken from the room where

5 the fire started contained trace elements of gasoline.[14]  Although that is not strong

6 evidence that an accelerant was used, it is sufficient to create an issue of material fact,

7 particularly in light of the "unexplained circumstantial evidence implicating" Green.[15]

8 Plaintiff maintains that there is no evidence of the "thirty commonly accepted signs of

9 arson," but even if that is the case, the court may not weigh evidence.  On this basis

10 Green's motion must be denied.

11    Green argues that, even if the fire were caused by arson, summary judgment is

12 still appropriate because Allstate has not presented any evidence that Green started the

13 fire.  Green notes that he has provided an affidavit stating that he was not at home

14 when the fire started and that he had nothing to do with it.  Green also notes that Finley

15 provided an affidavit in which she stated that she started the fire but did not intend to

16 damage the house.  However, Allstate has presented evidence that Green did not arrive

17 at Young's house–where he received a call informing him that the house was on

18 fire–when says he did.  Defendant's evidence suggests that Green arrived at Young's

19 house an hour later than Green said he did.  If believed by the trier of fact, this evidence

20 would render Green's whereabouts at the time the fire started unknown.  Consequently,

21 there is a disputed issue of material fact precluding summary judgment on this basis.

22

23    [11]*See Southern Trust Ins. Co. v. Braner*, 314 S.E.2d 241 (Ga. App. 1984).

24    [12]Doc. 26 at 6–7 (citing AS 11.46.400).

25    [13]*See, e.g.*, *Hansen v. State*, 845 P.2d 449, 452 (Alaska Ct. App. 1993).

26    [14]Doc. 34–23 at 4.

27
28    [15]Defendant's showing includes evidence of Green's financial trouble and
inconsistencies in Green and Finley's statements.  *See* doc. 35 at 27–30.

-4-

**2. The Lender Loss Payable Endorsement**

Green argues that even if he had started the fire, Allstate is obligated to pay Wells Fargo. The insurance contract lists Wells Fargo as the mortgagee[16] and there is a lender's loss payable provision in the contract.[17] That provision states as follows:

> The insurance under this policy . . . as to the interest only of the Lender, its successors and assigns, shall not be invalidated or suspended . . . © by any breach of warranty, act, omission, neglect, or non-compliance with any of the provisions of this policy . . . by the named insured, . . . tenant, . . . occupant . . . or by the happening of any event permitted by them . . . which under the provisions of this policy . . . would invalidate or suspend the insurance as to the named insured.[18]

Plaintiff maintains Allstate has breached its agreement with him by not paying Wells Fargo.

Allstate argues that Green does not have standing to enforce that provision. Allstate cites *Fireman's Fund Mortg. Co. v. Allstate Ins. Co.,*[19] which recognized that a standard mortgagee clause "constitutes a separate and independent contract between the mortgagee and the insurance company which is measured by the terms of the mortgage clause itself." Plaintiff concedes that Wells Fargo may institute its own action against Allstate, but argues that he is a third-party beneficiary of the lender's loss provision and therefore may also enforce it. Plaintiff cites a Florida case which held that a property owner, whose tenants had taken out an insurance policy with a mortgagee clause, could state a claim against the insurance company "as a third party beneficiary of the . . . loss payable clause to the extent of the amount due on the mortgage at the time of the loss."[20] That case's holding was based largely on an earlier case which

---

[16]Doc. 34-32 at 5.

[17]Doc. 34-33 at 24–25.

[18]*Id.* at 24.

[19]838 P.2d 790, 794 (Alaska 1992) (internal quotations omitted).

[20]*Ran Investments, Inc. v. Indiana Ins. Co.*, 379 So.2d 991, 994 (Fla. Dist. Ct. App. 1980).

construed an "insurable interest" statute similar to Alaska's[21] to confer third-party beneficiary status on buyers of property that had been insured by the sellers, where the policy contained a loss payable clause.[22]

Alaska Statute 21.42.030 provides that "a contract of insurance of property or of an interest in property . . . may not be enforced as to the insurance except for the benefit of persons having an insurable interest in the things insured at the time of the loss."[23]  Green argues that AS 21.42.030 renders him a third-party beneficiary of the loss payable provision in his contract.

The Alaska Supreme Court "will recognize a third-party right to enforce a contract upon a showing that the parties to the contract intended that at least one purpose of the contract was to benefit the third party."[24]  Alaska follows the Restatement (Second) of Contracts which provides that "a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and . . . the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary."[25]  The first problem with Green's argument is that the loss payable provision, which is an independent contract under Alaska law, does not express an intent to benefit Green.  The second problem is that execution of the loss payment provision would only superficially satisfy Green's

---

[21]AS § 21.42.030.

[22]*Schlehuber v. Norfolk & Dedham Mutual Fire Ins. Co.*, 281 So. 2d 373 (Fla. Dist. Ct. App. 1973).

[23]*Id.* § 21.42.030(a).

[24]*Ennen v. Integon Indem. Corp.*, 268 P.3d 277, 283 (Alaska 2012) (internal quotations omitted).

[25]Restatement (Second) of Contracts § 302.

obligation to pay what he owes Wells Fargo, because under the insurance policy Allstate expressly contracted to receive "a full assignment of [Green's] debt."[26]

Although the court agrees that Allstate is obligated to pay Wells Fargo regardless of the outcome of Green's breach-of-contract claim, Green does not have third-party beneficiary status to enforce that obligation. The court does not read AS 21.42.030 to alter this conclusion.

**B. Motion at Docket 34**

Allstate argues that Green's entire lawsuit "centers on the argument that Allstate has wrongfully refused to pay his claim."[27] Therefore, Allstate argues, his breach-of-contract claim "collape[s] into a . . . bad faith claim."[28] Defendant cites no authority for that proposition. Plaintiff initially asserted two claims: breach of contract and breach of the implied covenant of good faith and fair dealing.[29] The former is a contract claim, the latter is a tort.[30] Plaintiff has conceded that Allstate had reasonable grounds to deny his claim and therefore that he has no bad faith claim.[31] Green argues, though, that Allstate mistakenly concluded that he was responsible for the fire and therefore that he was wrongfully denied benefits under the insurance policy. Under Allstate's theory, anytime an insurance company had reasonable grounds to deny a claim it could do so with impunity, even if its reasonable grounds were inaccurate–in other words Allstate assumes that bad faith claims supplant breach-of-contract claims when they are asserted in conjunction. That is clearly not the case.

---

[26]Doc. 34-33 at 24.

[27]Doc. 35 at 20.

[28]Doc. 35 at 20.

[29]Doc. 1-1 at 2–3.

[30]*State Farm Fire & Cas. Co. v. Nicholson*, 777 P.2d 1152, 1156 (Alaska 1989).

[31]Doc. 49 at 2; *see Hillman v. Nationwide Mut. Fire Ins.*, 855 P.2d 1321, 1324 (Alaska 1993).

## V. CONCLUSION

For the reasons above, plaintiff's motion at docket 25 for summary judgment is **DENIED**. Defendant's cross-motion for summary judgment at docket 34 is **GRANTED** in part and **DENIED** in part as follows

    1) It is **GRANTED** with respect to plaintiff's bad faith claim.

    2) It is **DENIED** with respect to plaintiff's breach-of-contract claim.

DATED this 7th day of August 2012.

                                     /s/
                              JOHN W. SEDWICK
                      UNITED STATES DISTRICT JUDGE