# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| JEFFREY R. GREEN, ) | |
| Plaintiff, ) | 3:11-cv-00210 JWS |
| vs. ) | ORDER AND OPINION |
| ALLSTATE INSURANCE COMPANY, ) | [Re: Motion at docket 31] |
| Defendant. ) | |

## I. MOTION PRESENTED

At docket 31, plaintiff Jeffrey R. Green ("Green" or "plaintiff") moves *in limine* to exclude certain evidence. Defendant Allstate Insurance Company ("Allstate" or "defendant") opposes the motion at docket 45. Plaintiff's reply is at docket 56. Oral argument was not requested and would not assist the court.

## II. DISCUSSION

### A. Character Evidence

Green concedes that evidence of his financial condition is relevant to motive. He argues, however, that evidence of why he was in a particular financial state is inadmissible character evidence under Rule 404. Rule 404(a) only precludes introduction of character evidence "to prove that on a particular occasion [a] person

acted in accordance with the character or trait."[1]  There is no indication that Allstate intends to introduce evidence of Green's character in order to prove conduct in conformity with that character.

**B. Green's Criminal Record**

**1. Rule 404**

Green argues that evidence of Green's misdemeanor and felony convictions is inadmissible pursuant to Rule 404(b).  Rule 404(b) precludes introduction of "[e]vidence of a crime . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."[2]  There is no indication that Allstate intends to introduce evidence of Green's criminal convictions to prove character to show conduct in conformity with that character.  To the extent Green seeks notice if Allstate intends to use such evidence, that requirement only applies in criminal cases.[3]

**2. Rule 609**

The court is unable to rule on the admissibility of any particular conviction to impeach Green's credibility because Green's motion does not provide any context or specific objections.  Green requests that he be given notice if Allstate intends to introduce evidence of his convictions to impeach him.  However, there is no notice provision in Rule 609.

**C. Evidence of Drug Dealing Allegations**

Green argues that testimony suggesting that Green is a drug dealer is irrelevant and unfairly prejudicial.  Allstate argues that it is premature to exclude evidence that Green is a drug dealer and that such evidence could be relevant to motive, insofar as it reflects on Green's financial situation.  Compared to other evidence of Green's financial

---

[1] Fed. R. Evid. 404(a).

[2] Fed. R. Evid. 404(b).

[3] Fed. R. Evid. 404(b)(2)(A).

-2-

condition, the probative value of evidence that he is a drug dealer is slight. Moreover, that probative value is substantially outweighed by the danger of unfair prejudice and its tendency to confuse the issues.[4]

**D. Evidence of Domestic Violence**

Green argues that evidence of domestic violence between him and his girlfriend, Christa Finley, is irrelevant and unfairly prejudicial. Allstate argues that such evidence suggests that Green had a motive to set his house on fire while his girlfriend was still in it. Allstate also maintains that it considered those allegations in denying Green's claim. Green responds that Allstate has never raised that theory in the past. The court agrees with Green that, under the circumstances, the danger of unfair prejudice, confusion of the issues, and potential waste of time substantially outweigh the probative value of allegations that Green and his girlfriend engaged in domestic violence.

**E. Evidence of Polygraph Tests**

Green argues that evidence of polygraph examinations is inadmissible pursuant to *Brown v. Darcy*.[5] Allstate correctly notes that *Brown* was overruled by *Daubert v. Merrel Dow*.[6] Allstate also notes that a *Daubert* analysis is not necessary here because Allstate only intends to introduce evidence of Green and his girlfriend's polygraph examinations to demonstrate that Allstate had a reasonable basis to deny coverage. Because Green is no longer pursuing a bad faith claim–and has conceded that Allstate had a reasonable basis to deny coverage, presenting polygraph examination evidence would be needlessly cumulative.[7]

---

[4] Fed. R. Evid. 403.

[5] 783 F.2d 1389 (9th Cir. 1986).

[6] 509 U.S. 579 (1993). *See, e.g.*, *United States v. Cordoba*, 104 F.3d 225, 228 (9th Cir. 1997).

[7] Fed. R. Evid. 403.

-3-

## F. Expert Findings Not Expressed in Report

Green argues that defendant's experts should not be allowed to opine as to matters not contained in their reports. Federal Rule of Civil Procedure 26(a)(2)(B) states that expert witnesses must provide a written report containing "a complete statement of all opinions the witness will express and the basis and reasons for them."[8] Although the court agrees with Allstate that the report need not spell out the expert's testimony word for word, the court disagrees with Allstate that "Mr. Shouman [Allstate's expert] can testify as to findings and opinions supporting his conclusion not expressly stated in his report."[9] Allstate's contention is contrary to the express language of Rule 26.

## G. Evidence of Accelerant

Green argues that the limited "evidence of an accelerant should be prohibited because Mr. Shouman cannot reasonably conclude from the chemical testing alone that an accelerant was used in the fire."[10] The presence of gasoline residue provided a basis for Shouman's opinion. Green believes that such evidence may only be used to corroborate other evidence. Green's criticism of the test results goes to the weight of the evidence, not its admissibility. The evidence is relevant to Allstate's defenses, and Green will have an opportunity to discredit it at trial.

## H. Non-Testifying Experts

Green argues that Allstate should be precluded from presenting opinions of other experts through its testifying expert. Specifically, Green argues that because Shouman was not involved in the test of the fire debris samples sent to MDE Forensics, Inc., he should not be able to present the conclusions of Dale Mann, the chemist who conducted

---

[8]Fed. R. Civ. P. 26(a)(2)(B)(i).

[9]Doc. 46 at 19.

[10]Doc. 32 at 6.

the testing. The parties discuss Alaska Rule of Evidence 703 which does not apply in this lawsuit.

Federal Rule 703 provides that "[i]f experts in [a] particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they would need not be admissible for the opinion to be admitted."[11] However, "if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect."[12] Here, the data from MDE Forensics would be reasonably relied upon by experts in the field of fire investigation, but would otherwise constitute inadmissible hearsay. Rule 703 instructs the court to consider the probative value of the data as it pertains to the jury's evaluation of the expert's opinion. Because Shouman's opinion was based in large part on the test results, the court concludes that its probative value in this respect substantially outweighs any prejudicial effect.

## V. CONCLUSION

For the reasons above, Green's motion *in limine* at docket 31 is **GRANTED** in part and **DENIED** in part as follows:

1) It is denied with respect to evidence of why Green was in a particular financial condition.

2) It is denied without prejudice to an objection at trial, or renewal in proper context, with respect to Green's criminal history. It is denied with respect to Green's request for notice from Allstate.

3) It is granted insofar as evidence that Green is a drug dealer is excluded.

4) It is granted insofar as evidence of domestic violence involving Green is excluded.

---

[11] Fed. R. Evid. 703.

[12] *Id.*

-5-

5) It is granted with respect to the polygraph examinations. Evidence of Green and Finley's polygraph tests is excluded.

6) It is granted insofar as Shouman may not offer expert opinions not included in his expert report.

7) It is denied with respect to Green's request to exclude evidence that accelerant was used.

8) It is denied insofar as Shouman may disclose the test results from MDE Forensics to the jury.

DATED this 7th day of August 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE