# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| JEFFREY R. GREEN, | ) | |
|---|---|---|
| Plaintiff, | ) | 3:11-CV-00210 JWS |
| vs. | ) | ORDER AND OPINION |
| ALLSTATE INSURANCE COMPANY, | ) | [Re: Motion at docket 66] |
| Defendant. | ) | |

## I. MOTION PRESENTED

At docket 66, plaintiff Jeffrey R. Green ("Green" or "plaintiff") moves this court for an order reinstating his claim for insurance bad faith. He asserts that his bad faith claim should be reinstated because defendant Allstate Insurance Company ("defendant" or "Allstate") unreasonably refuses to provide fire loss coverage after he sent it new expert evidence that he believes proves arson was not involved in the fire at issue in this case. Defendant filed its opposition at docket 69, arguing that a genuine coverage dispute exists, as recognized by the court at docket 57, and that plaintiff's new evidence does not dispose of that dispute, and thus, does not eviscerate the reasonableness of its denial of fire loss coverage. Plaintiff's reply is at docket 70. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Green is the owner of a triplex residence at 411 E. 46th Place in Anchorage. Green had a homeowner's insurance policy with Allstate. In October 2010, a fire damaged the house. The Anchorage Fire Department concluded that the fire started in a bedroom closet, but could not determine its origin.[1]

Allstate denied Green's claim and cited exclusions for loss of property due to "[i]ntentional or criminal acts of or at the direction of the insured person."[2] Allstate "conclude[d] that the fire loss was not accidental but intentional."[3] It based its conclusions on a report from fire investigator John Shouman ("Shouman"), which indicated that a lab analysis of rug samples removed from the room in which the fire started identified a residue of automotive gasoline. Shouman concluded that "[b]ased on physical evidence and witness reports, and with the elimination of all natural causes . . . [the] fire . . . was incendiary in nature."[4] Allstate also based its denial on inconsistencies in Green's statements and evidence of Green's financial difficulties.

Green maintains that the night of the fire, he left his home at around 11:30 p.m. when his girlfriend, Christa Finley ("Finley"), returned from the gym heavily intoxicated. Green maintains that he went to his friend's house and was there for approximately twenty minutes when he received a call from a neighbor informing him that his house was on fire. Finley stated that after Green left, she decided to burn strands of fabric

---

[1] Doc. 26-1 at 5-6.

[2] Doc. 26-2 at 1.

[3] *Id.* at 2.

[4] Doc. 34-23 at 4.

hanging from clothes in a closet, the clothes caught on fire, and that she was unable to put the fire out. Finley called the fire department from a Home Depot store across the street from the house, and she was located there by Anchorage police.[5]

After Allstate denied Green's insurance claim, on August 19, 2011, Green filed suit in state court asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing. The case was removed to federal court on October 19, 2011.

On May 10, 2012 plaintiff moved for summary judgment on his breach-of-contract claim. He argued that there was no evidence that the fire was caused by arson. Shortly thereafter, defendant cross moved for summary judgment. In his opposition to defendant's cross motion for summary judgment on the breach-of-contract claim, plaintiff submitted the affidavit of fire investigator Robert T. Jaegge ("Jaegge"). Using Green's cell phone records to place Green's whereabouts at the time of the fire, Jaegge concluded that it would have been "highly improbable that Mr. Green could have started the fire."[6] Green, however, conceded that Allstate had reasonable grounds to deny his claim and, therefore, that he had no bad faith claim to assert.[7]

On August 7, 2012, the court denied both plaintiff's motion for summary judgment and defendant's cross motion for summary judgment related to the breach-of-contract claim, concluding that there were genuine issues of material fact about the cause of the

---

[5]Doc. 26-1 at 3.

[6]Doc. 49-2 at 3.

[7]Doc. 49 at 2.

fire. The court granted defendant's motion for summary judgment on the insurance bad faith claim.[8]

On July 13, 2012, before the court entered its order, plaintiff's counsel sent defendant's counsel a letter describing the results of the investigation conducted by plaintiff's expert, Jaegge.[9] The letter indicates that unlike Allstate's lab analysis, Jaegge's lab analysis for the rug samples showed no traces of gasoline. It also indicates that Jaegge's investigation concluded that the condition of the flooring at the site of the fire's origin is not consistent with the use of gasoline. The letter then asserts that it would be unreasonable for Allstate to continue denying coverage based on Jaegge's investigation results and requests that coverage be granted. The letter indicates that Jaegge's report was attached and given to defendant's counsel. However, plaintiff only attached the letter to the motion.

Plaintiff filed this motion to reinstate an insurance bad faith claim, arguing that after Allstate received this information and had a reasonable amount of time to evaluate it, which he asserts would have been July 26, 2012, it became unreasonable for Allstate to continue denying him coverage, and thus, a new insurance bad faith claim has arisen.

## III. STANDARD OF REVIEW

Plaintiff structures his motion as a motion to reinstate his insurance bad faith claim, which was disposed of on summary judgment based on plaintiff's concession that Allstate had reasonable grounds to deny coverage. As plaintiff noted in docket 49, his

---

[8]Doc. 57.

[9]Doc. 67-1.

prior insurance bad faith claim was based on Allstate's failure to provide adequate notice as to why it was denying the claim. In this motion, he is seeking to reassert an insurance bad faith claim against Allstate, but this time based on its refusal to provide coverage after July 26, 2012, despite plaintiff's expert evidence that concludes arson was not the cause of the fire. These are two different claims, and thus, this motion is more accurately characterized as a request to add a claim.

Given that the court has already entered a scheduling order setting a deadline for motions to amend and that deadline has past,[10] this request to amend is properly analyzed first under Rule 16 as a request to amend the scheduling order.[11] Under Rule 16, the schedule may be modified for good cause and with the judge's consent.[12] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[13] After good cause to modify has been shown, the moving party then must demonstrate that the amendment is proper under Rule 15.

Rule 15 provides for a liberal amendment policy.[14] The decision to permit or deny a motion for leave to amend rests within the sound discretion of the trial court.[15] In

---

[10]Doc. 13 at 6-7 (setting the deadline for motions to amend by reference to Local Rule 16.1(c)(6), which states that motions to amend pleadings must be filed not later than sixty days after the date the pretrial scheduling order is entered).

[11]*Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir.1992) ("Once the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standard controlled.").

[12]Fed. R. Civ. P. 16(b)(4).

[13]*Johnson,* 975 F.2d at 609.

[14]*See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (noting the liberal amendment policy).

[15]*See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185-86 (9th Cir.1987) (citing *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981)).

deciding whether to grant leave to amend, courts generally consider the following factors: undue delay, bad faith by the moving party, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleadings.[16]

## IV.  DISCUSSION

Plaintiff's request is based on the results of additional lab testing done by Jaegge on the rug samples taken from the room in which the fire started.  Jaegge's lab results are contrary to those obtained by Allstate's investigator, even though the investigators tested the same rug samples.  While Allstate's results indicated that there were traces of gasoline on the rug samples, Jaegge's results did not note any traces of gasoline.[17] This was new evidence not known to plaintiff before he conducted expert discovery.  He disclosed the evidence to Allstate on July 13, 2012, shortly after expert discovery closed.[18]  This motion was filed about two months later, on September 14, 2012. Plaintiff complied with the expert disclosure deadline and was adequately diligent in raising the issue once he obtained the evidence.  Thus, he has shown good cause to modify the deadline for amending the complaint.

As discussed above, while plaintiff's request to add a claim after the deadline was appropriate, the court must still consider whether amendment is proper under Rule 15.  In deciding whether to grant leave to amend, courts generally consider the following factors: undue delay, bad faith by the moving party, prejudice to the opposing party,

---

[16]*See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995).

[17]Doc. 67-1 at 1.

[18]*Id.*

futility of amendment, and whether the party has previously amended his pleadings.[19] Of the five factors listed, the only factor raised by the parties and at issue is whether the addition of the insurance bad faith claim would be futile. Defendant asserts that a bad faith claim would not survive a motion for summary judgment.

In order to determine whether plaintiff's claim would be futile, the court must look to Alaska law. The Alaska Supreme Court has held that "while the tort of bad faith in first-party insurance cases may or may not require conduct which is fraudulent or deceptive, it necessarily requires that the insurance company's refusal to honor a claim be made without a reasonable basis."[20] In this case, because the court already determined that there is a genuine dispute as to whether coverage was properly denied, i.e., the contract claim, defendant argues that the bad faith claim must fail as a matter of law, citing to *Franceschi v. American Motorists Insurance Co.*[21] It also argues that conflicting expert reports regarding the cause of the damage establish that a genuine issue of fact regarding liability exists, citing to *Adams v. Allstate Insurance Co.*[22] The cases defendant cites to are cases applying the standard for insurance bad faith under California law. Alaska law does not have the same standard. Instead, a bad faith claim must fail and should not be submitted to the jury when the insurer establishes that no reasonable jury could regard its conduct as unreasonable.[23]

---

[19] *Foman,* 371 U.S. at 182; *Bonin,* 59 F.3d at 845.

[20] *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1324 (Alaska 1993).

[21] 852 F.2d 1217, 1220 (9th Cir. 1988).

[22] 187 F. Supp. 2d 1219, 1227 (C.D. Cal. 2002).

[23] *Hillman*, 855 P.2d at 1325.

Plaintiff has conceded that prior to July 26, 2012, Allstate was not acting in bad faith by denying coverage,[24] even though plaintiff had already put forth evidence that the fire started by accident and that it was "highly improbable that Green could have started the fire."[25] The only new information known to Allstate after July 26, 2012, is that plaintiff's expert obtained negative lab results when testing the rug samples. While that information contradicts Allstate's expert's results and certainly weakens Allstate's position on the underlying contract claim at trial, it does not turn an otherwise reasonable denial into an unreasonable one. Plaintiff alludes to other new evidence, but that evidence is not discussed in the letter nor is it included in support of the motion. Therefore, this court concludes that no reasonable juror could conclude that Allstate's continued denial of coverage is unreasonable based only on the addition of a conflicting report from plaintiff's retained expert.

## V. CONCLUSION

Based on the foregoing, plaintiff's Motion to Reinstate Plaintiff's Second Cause of Action is **DENIED**.

DATED this 13th day of November 2012.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[24]Doc. 49 at 2.

[25]Doc. 49-2 at 4.