IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEFFREY R. GREEN,<br><br>    Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:11-cv-00210-TMB |
| ALLSTATE INSURANCE COMPANY,<br><br>    Counterclaim Plaintiff,<br><br>vs.<br><br>JEFFREY R. GREEN,<br><br>    Counterclaim Defendant. | **ORDER ON MOTIONS *IN LIMINE*<br>AND MOTION REGARDING<br>PRISONER TRANSPORT** |

This case concerns whether Defendant and Counterclaim Plaintiff Allstate Insurance Company ("Allstate") must pay insurance proceeds to Plaintiff and Counterclaim Defendant Jeffrey R. Green ("Green"), as a result of an October 21, 2010 fire that destroyed Green's home, which was insured by Allstate. Before the Court are the parties' various motions filed in preparation for trial. The Court considers each motion in turn.[1]

---

[1] This case was previously before the Honorable John W. Sedwick, who decided several motions *in limine* at Dockets 58 and 83. This Order is intended to be consistent with those orders.

**I. The Court GRANTS IN PART AND DENIES IN PART Green's Motion *in limine* No. 2, Requesting to Exclude the Results of Allstate's Canine Accelerant Search (Docket 96).**

Green moves to exclude evidence of the results of Allstate's use of a canine to search the home for the presence of accelerants.[2] Allstate opposes the motion.[3] For the following reasons, the Court **GRANTS in part and DENIES in part** Green's motion.

On or about October 25, 2010, John ("Jack") Shouman of Fire Protection Consultants asked Bridget Bushue, a recently laid off Deputy Chief for the Anchorage Fire Department, to assist in an arson investigation with her specially trained Labrador retriever, Jodi.[4] Bushue brought Jodi to the scene of the fire to search for ignitable liquids.[5] Bushue and Jodi had been certified by the Bureau of Alcohol Tobacco and Firearms annually since 2004, but their last certification expired in early 2010.[6] An affidavit submitted by Bushue explains that she treated this investigation as a "training exercise" for Jodi, and that while Bushue "calibrated" Jodi prior to entering the house, Bushue prepared no formal report.[7] At the scene, Jodi "alerted" in three areas around the closet in the home's southwest bedroom.[8] Small samples were taken from those areas, but tested negative for ignitable liquids.[9] About two months later, Brian Balega, a fire

---

[2] Dkt. 96.

[3] Dkt. 120.

[4] *See* Dkt. 96-2 (Affidavit of Bridge C. Bushue, dated October 18, 2012) (the "Bushue Affidavit"); Dkt. 97.

[5] Dkt. 96-1 at 4 ("Brief Summary Report" by John L. Shouman, Fire Protection Consultants) (the "Shouman Report").

[6] Dkt. 96-2 at 2 (Bushue Affidavit).

[7] *Id*.

[8] Dkt. 96-1 at 4 (Shouman Report).

[9] *Id*.

investigator with the Anchorage Fire Department, returned to the scene and took larger samples to test for accelerants; two of the three samples tested positive.[10] By the time Balega took the larger samples, the scene of the fire was unsecure.[11]

In his motion *in limine*, Green argues that evidence of the canine's search should be excluded because the dog lacked a current certification, its handler did not prepare a report of the search, and the areas in which the dog "alerted" were not verified with positive chemical samples taken contemporaneously with the search.[12] Allstate responds that any perceived deficiencies go to the weight of the evidence, not its admissibility.[13] The Court agrees with Allstate that testimony concerning the canine search for accelerants is relevant. The Court also agrees with Allstate that the issues of the lack of a current certification, the failure to complete a formal report, and the timing of the taking of the samples, each go to the weight of the evidence, rather than its admissibility.

Green argues that the results of Allstate's use of a canine to search the home for accelerants should be excluded pursuant to Federal Rule of Civil Procedure 26 and 37 because Bushue was not disclosed as an expert witness and did not provide an expert report.[14] While these rules might preclude Bushue from testifying, they do not, as discussed below, preclude

---

[10] *Id.* at 4. Green disputes whether the samples were taken from the same location. Dkt. 97 at 2.

[11] Dkt. 97 at 2.

[12] *Id*.

[13] Dkt. 120 at 2.

[14] *See* Dkt. 124. Bushue was disclosed as a fact witness on Allstate's November 2012 witness list (Dkt. 80), but she was not disclosed, in any capacity, on the most recent witness list. *See* Dkt. 117-3.

another expert from considering her analysis.[15] Green cites *Torres v. City of Los Angeles* to support his point, but that case only stands for the proposition that a party cannot put on the stand an expert witness that would be required to, but failed to, provide an expert report.[16]

Green objects to introduction of this evidence through *any* witness because Bushue's and Jodi's qualifications would not be subject to cross-examination.[17] Green then argues: "The underlying assumptions in allowing the introduction of such evidence is that the dog is qualified to make that determination and the handler is qualified to conduct a search and interpret the results."[18]

But, Green made a similar argument in his motion *in limine* at Docket 31, which the Court rejected in its order at Docket 58.[19] In Green's earlier motion, he argued that Shouman should not be permitted to rely on the MDE Laboratory Report tests results, which showed the presence of accelerants, unless the report was first introduced by the chemist who performed the tests.[20] The Court rejected Green's argument, basing its analysis on Federal Rule of Evidence 703, which states:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data

---

[15] Depending on how evidence comes in at trial, her testimony may be relevant and admissible. Allstate would have to make an application at the appropriate time.

[16] 548 F.3d 1197, 1214 (9th Cir. 2008).

[17] Dkt. 124 at 2-3.

[18] Dkt. 124 at 4.

[19] *See* Dkts. 80, 117-3.

[20] Dkts. 31, 32.

> would otherwise be inadmissible, the proponent of the opinion may
> disclose them to the jury only if their probative value in helping the
> jury evaluate the opinion substantially outweighs their prejudicial
> effect.[21]

The Court explained that "the data from MDE Forensics would be reasonably relied upon by experts in the field of fire investigation, but would otherwise constitute inadmissible hearsay."[22] The Court concluded that the probative value of the report outweighed any prejudicial effect.[23]

Likewise, the response of a dog specially trained to detect ignitable fluids is evidence reasonably relied upon by experts in the field of fire investigation. The parties do not dispute that an expert might testify concerning this type of evidence.[24] Here, it would be reasonable for a fire expert, such as Shouman, to rely upon this type of evidence. In this case, Bushue's testimony is not presently admissible. Thus, the Court must – and does – make a finding that the probative value of this evidence, with the following restrictions, outweighs its prejudicial effect.[25]

Green's motion *in limine* No. 2 (Docket 96) is **GRANTED in part and DENIED in part**. Testimony by Allstate's expert, presumably Shouman, may reference the canine search for accelerants, but only to put in context why samples were taken from certain locations. Because Shouman will be permitted to provide this testimony, Green may propose a limiting instruction for the jury concerning the dog's qualifications and involvement in the investigation.

---

[21] *See* Dkt. 58, discussing Fed. R. Evid. 703.

[22] *Id.* at 5.

[23] *Id*. The Court notes that Allstate has now disclosed as an expert witness Dale Mann, an MDE Senior Forensics Chemist. *See* Dkt. 117-3.

[24] *See* Dkt. 124 at 4.

[25] *See e.g., United States v. W.R. Grace*, 504 F.3d 745, 759 (9th Cir. 2007).

**II. The Court DENIES without Prejudice Green's Motion *in limine* No. 3, Requesting to Exclude Evidence of Pending Criminal Charges (Docket 98).**

At Docket 98, Green moves to exclude evidence concerning criminal charges pending against Green in Alaska state court. Green states that the pending charges "have nothing to do with this case" and the probative value of the charges is outweighed by the unfair prejudice that could result from admission.[26] Allstate initially opposed the motion because Green provided no explanation of how the charges are irrelevant.[27] In Green's reply, however, he explained that the criminal charges concern failure to stop at the direction of a police officer, driving with license revoked or suspended, driving under the influence, controlled substances, and a probation violation.[28] There are also criminal charges pending against Green for kidnapping or sexual assault.[29]

Allstate argues that the pending criminal charges should be admissible to the extent that they are relevant to impeach Green's credibility.[30] At this point, the Court does not see how these criminal charges may be relevant to Green's credibility. However, because the charges are still pending, and because there is limited information before the Court concerning whether these charges may weigh on credibility, the Court **DENIES without prejudice** Green's motion *in limine* No. 3 (Docket 98).

---

[26] Dkt. 99.

[27] Dkt. 118.

[28] Dkt. 123 at 2.

[29] *See id.*

[30] Dkt. 118. Allstate also argues that the pending charges might be relevant to Green's argument that he is unable to manage and operate his triplex. However, any discussion of this subject will be irrelevant at trial because the parties have agreed that the jury will only decide the breach of contract issue, and the Court will later, if necessary, determine damages. *See* Dkts. 84, 123 at 3.

**III. The Court GRANTS Green's Motion *in limine* No. 4, Requesting to Exclude Evidence of his Present Incarceration (Docket 100).**

At Docket 100, Green moves to exclude evidence of his present incarceration because the prejudicial effect of this evidence outweighs its probative value.[31] Allstate opposes the motion because Green's incarceration: (1) may have affected his ability to tamper with the scene of the fire; and (2) is relevant to Green's claim for lost rent.[32]

These two arguments are without merit. First, Green was not incarcerated until September 2012, nearly two years after the fire, and several months after his expert's analysis of the fire scene. If Allstate has evidence to suggest that Green tampered with the scene of the fire at some point prior to September 2012, it may present that evidence without referencing his present incarceration. Second, the parties have agreed to bifurcate this trial such that the jury will only decide the breach of contract issue, and the Court will decide damages, as a matter of law.[33] Thus, Allstate need not present evidence concerning Green's present incarceration in relation to his claim for lost rent.

Accordingly, the Court **GRANTS** Green's motion *in limine* No. 4 (Docket 100).

**IV. The Court DENIES Green's motion *in limine* No. 5, Requesting to Limit Assertions of Material Misrepresentations (Docket 111).**

At Docket 111, Green moves to limit assertions that Green made material misrepresentations to Allstate. At his deposition, Allstate Special Investigations Unit Claim

---

[31] Dkt. 101.

[32] Dkt. 119.

[33] *See* Dkt. 84.

Analyst Randall S. Smith identified two misrepresentations by Green.[34] Green requests that the Court limit Allstate's evidence concerning misrepresentations to these two misrepresentations, because Smith was deposed as Allstate's Rule 30(b)(6) representative, "having information concerning the factual basis for denial of Plaintiff's insurance claim."[35] Green argues it would be unfair to "surprise" him at trial with additional misrepresentations.[36] Allstate opposes the motion, arguing that it should be permitted to introduce evidence of additional misrepresentations, for example, statements Green made concerning his financial condition at the time of the fire.[37] Allstate makes two primary arguments: First, Allstate argues that, while the additional misrepresentations may not have been specifically discussed at Smith's Rule 30(b)(6) deposition, deposition testimony by a corporate representative does not absolutely bind the corporation to any particular theory of the case.[38] Second, Allstate argues that it put Green on notice of all of the material misrepresentations that Allstate intends to argue at trial.[39]

With respect to Allstate's first argument, the Ninth Circuit has not yet determined whether admissions by a Rule 30(b)(6) deponent are binding on a corporation.[40] It appears that there are three schools of thought on this issue:

---

[34] The two misrepresentations concern the circumstances surrounding Green moving his U-Haul rental on the night of the fire, and Green's whereabouts on October 20, 2010. Dkt. 112 at 1. There is no debate that Allstate can introduce evidence of these two alleged misrepresentations.

[35] Dkt. 112 at 2.

[36] *Id*.

[37] Dkt. 128.

[38] *Id*. at 6.

[39] *Id*. at 7.

[40] *See Coalition v. McCamman*, 725 F. Supp. 2d 1162, 1171-73 (E.D. Cal. 2010) (noting the divide in the case law, but declining to make a finding).

> There is a marked divide in the caselaw. Some courts suggest that an agency is bound by the testimony of its Rule 30(b)(6) designee. Other courts hold that 'testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes,' and that such testimony does not 'bind' the designating entity 'in the sense of [a] judicial admission.' This treats the testimony as that of any witness, making it subject to correction and/or impeachment. Other courts adopt a middle ground and hold that a party cannot rebut the testimony of its Rule 30(b)(6) witness when, as here, the opposing party has relied on the Rule 30(b)(6) testimony, and there is no adequate explanation for the rebuttal.[41]

At this point, the Court is inclined to take the second approach and to agree with a recent decision out of the Western District of Washington, which concluded that, "[t]estimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes."[42]

And, with respect to the second argument, the Court finds that Allstate sufficiently disclosed to Green the misrepresentations that it intends to present (at least, as described in Allstate's opposition to the motion *in limine*).[43] Green argues the notice is insufficient because it occurred through summary judgment motions on a bad faith insurance claim, which is no longer

---

[41] *Id.* (internal citations and quotations omitted).

[42] *Erickson v. MicroAire Surgical Instruments LLC*, No. C08-574BHS, 2010 WL 08-cv-5745-BHS, at *2 (W.D. Wash. May 6, 2010) ("Rule 30(b)(6) depositions produce evidence, not judicial admissions."); *see also Haeger v. Goodyear Tire & Rubber Co.*, No. CV-05-02046-PHX-ROS, 2012 U.S. Dist. LEXIS 168151, at *117, n. 26 (D. Ariz. Nov. 8, 2012) ("The Court recognizes that testimony by a 30(b)(6) witness may not absolutely bind 'a corporate party to its designee's recollection"); *Med. Sales & Consulting Grp. v. Plus Orthopedics USA, Inc.*, No. 08-cv-1595-BEN, 2011 U.S. Dist. LEXIS 53766, at *5-6 (S.D. Cal. May 18, 2011) (denying motion *in limine* to exclude evidence, but noting that parties may raise issue at trial if defendants try to offer testimony that contradicts Rule 30(b)(6) testimony).

[43] *See*, e.g., Docket 35 at 11-16 (Allstate's Memorandum in Support of Cross-Motion for Summary Judgment that Allstate did not Act in Bad Faith in Denying Green's Claim).

at issue in this case.[44] But, the Court concludes this disclosure is sufficient. In addition, at Smith's deposition, he specifically noted that he did not have the summary of all of the misrepresentations with him at the deposition, leaving open the possibility of other misrepresentations.[45]

Because Green will have an opportunity to cross-examine any witnesses who present information on alleged misrepresentations at trial, and because the alleged misrepresentations were otherwise disclosed, Green's motion *in limine* No. 5 (Docket 111) is **DENIED**.

V.  **The Court DENIES Green's Motion *in limine* No. 6, Requesting to Exclude Assertions by Allstate that Anyone Other than Green was Involved in Starting the Fire (Docket 115).**

At Docket 115, Green moves to exclude assertions by Allstate that anyone other than Green was involved in starting the fire. Green again refers to the October 30, 2012 deposition of Randall S. Smith. In that deposition, Smith asserted that Allstate believed that Green set the fire and that Christa Finley was not involved in starting the fire.[46] Green argues that because Allstate previously stated that its theory was that Green alone started the fire, it would be prejudicial if Allstate presented an alternative theory at trial.[47] Allstate opposes the motion, arguing that it has maintained consistently throughout this case that Green either started the fire independently, or in concert with Finley.[48]

---

[44] Dkt. 133.

[45] Dkt. 112 at 2.

[46] Dkt. 116.

[47] *Id.* at 2.

[48] Dkt. 127. For an example of disclosure, see Defendant's Responses to Plaintiff's First Discovery Requests. Dkt. 127-2.

Because Green will have an opportunity to cross-examine any witnesses who present information concerning Allstate's alternative theories at trial, and because Allstate's alternative theories were previously disclosed, Green's motion *in limine* No. 6. is **DENIED**.

### VI.     The Court DENIES Without Prejudice Allstate's motion *in limine*, concerning testimony of Brandi Hardon and Stephanie Meade (Docket 106).

In Finley's deposition, she stated that she did not intentionally set fire to Green's home.[49] However, Brandi Hardon and Stephanie Meade each testified at their depositions, taken after Finley's deposition, that Finley made comments to them, suggesting that Finley intentionally set the fire.

At Docket 106, Allstate moves to exclude at trial any reference to conversations between Finley and Hardon or Meade. Allstate argues that Green took the depositions of Hardon and Meade to bolster his contention that Finley, not Green, set the fire, and that any statements by Hardon or Meade are hearsay. Green opposes the motion.[50] He concedes that any statements by Finley to Hardon or Meade are hearsay, but argues that the statements are admissible under various exceptions to the hearsay rules, including Federal Rules of Evidence 804(b)(3), 806, 608 or 613.

At this point, the Court is not convinced that any exception to the hearsay rule is applicable. However, the Court is hesitant to foreclose the possibility that an exception might be appropriate at the time of trial. For example, Green argues that Finley is unavailable, explaining that counsel has made efforts to locate Finley by calling her cell phone, her parents' home, and by reviewing phone directories in Savanna, Georgia, where Finley said that she was moving.[51]

---

[49] *See* Dkt. 138 at 4.

[50] Dkt. 138.

[51] Dkt. 138-2.

Allstate disputes that Finley is unavailable, and the Court would require a greater showing of unavailability prior to applying an exception that requires a showing of unavailability.[52] And, admissibility of any reference to Hardon or Meade's testimony would depend upon the form and content of Finley's testimony at trial. Accordingly, the Court **DENIES without prejudice** Allstate's motion *in limine* at Docket 106.

    **VII.**    **The Court GRANTS in part Green's Motion for Prisoner Transport Order (Docket 107).**

At Docket 107, Green requests a Court order permitting his transportation from state prison to federal court to testify at this civil trial. Allstate and the State of Alaska oppose the motion.[53] The Court discussed the issue with the parties at a hearing on February 20, 2013. For the reasons established at that hearing, the Court **GRANTS in part and DENIES in part** Green's motion for prisoner transport. Green may attend the trial, but only to testify. Green shall bear all costs associated with his presence at trial. Green shall submit a transportation plan, as well as a plan for security during his testimony, for approval by both the Department of Public Safety and the United States Marshals Service. The plan shall be filed with the Court, under seal and ex parte, by **April 30, 2013**.

    \*    \*    \*    \*    \*

IT IS HEREBY ORDERED:

1. Green's motion *in limine* No. 2, requesting to exclude results of Allstate's canine accelerant search (Docket 96), is **GRANTED in part and DENIED in part**.

2. Green's motion *in limine* No. 3, requesting to exclude evidence of pending criminal charges (Docket 98), is **DENIED without prejudice**.

---

[52] *See* Fed. R. Evid. 804(a)(5) ("declarant is considered to be unavailable" if declarant "(5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure" either declarant's attendance or testimony).

[53] Dkt. 113.

3. Green's motion *in limine* No. 4, requesting to exclude evidence of his present incarceration (Docket 100), is **GRANTED**.

4. Green's motion *in limine* No. 5, requesting to limit assertions of material misrepresentations (Docket 111), is **DENIED**.

5. Green's motion *in limine* No. 6, requesting to exclude assertions by Allstate that anyone other than Green was involved in starting the fire (Docket 115), is **DENIED**.

6. Allstate's motion *in limine* concerning testimony of Brandi Hardon and Stephanie Meade (Docket 106) is **DENIED without prejudice**.

7. Green's motion for prisoner transport (Docket 107) is **GRANTED in part and DENIED in part**. Green shall submit the plan under seal and ex parte by **APRIL 30, 2013**.

8. The status hearing set for April 30, 2013 at 3:00 p.m. is **VACATED**. Green shall submit a status report by **April 30, 2013** providing an update concerning Green's state criminal charges.

Dated at Anchorage, Alaska, this 5th day of April 2013.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE